ESTATE OF GABRICK.

*November 12—December 7, 1926.*

*Appeal and error: Failure to take exceptions to findings: Review:*
*Weight accorded findings of trial court: Executors: Claims*
*against estates: For care of deceased: Evidence: Sufficiency.*

1. Although sec. 270.40, Stats., relating to trials by the court
   without a jury, was not amended by ch. 286 of the Laws of
   1925, which amended sec. 270.39, to render unnecessary the
   preservation of exceptions in a trial by jury the court has
   authority, under sec. 251.09, where a miscarriage of justice
   appears, to reverse the judgment or order appealed from,
   regardless of whether exceptions were taken to the findings
   of the court. p. 455.
2. Findings of fact of the trial court will not be disturbed unless
   they are against the clear preponderance of the evidence.
   p. 455.
3. In a daughter's action against the estate of her father for
   services in boarding and nursing him when he was in a
   helpless condition, evidence that his guardian had led her
   to believe that he would pay the reasonable value of the
   services in addition to the payments already made is *held*
   sufficient to support findings allowing her $15 to $25 per
   week therefor, though she originally agreed to board de-
   ceased for $5 a week. p. 457.

APPEAL from a judgment of the county court of Trem-
pealeau county: E. F. HENSEL, Judge. *Reversed, with di-
rections.*

This is an appeal from a judgment in favor of the claim-
ant and against the estate of Bently Gabrick, deceased, for
the sum of $2,329.50. The action was based on a claim
for board and services in nursing and caring for the de-
ceased for a period from November 15, 1921, until April 1,
1925. The case was tried before the court without a jury,
and the court made the following findings of fact and con-
clusions of law:

*"Findings of fact.*

"1. That *Frances Mauszicke* cared for, nursed, and sup-
ported the decedent, Bently Gabrick, from November 15,

1921, to the time of his death, which occurred on the 1st day of April, 1925.

"2. That said services were reasonably worth the following sums:

| | |
|---|---:|
| From November 15, 1921, to December 15, 1922, at the rate of $15 per week.................... | $840 00 |
| From December 15, 1922, to June 15, 1923, at the rate of $20 per week...................... | 520 00 |
| From June 15, 1923, to October 15, 1923, at the rate of $15 per week...................... | 260 00 |
| From October 15, 1923, to March 15, 1924, at the rate of $20 per week.................... | 440 00 |
| From March 15, 1924, to April 1, 1925, at the rate of $25 per week...................... | 1,400 00 |
| | $3,460 00 |

"3. That there has been paid on said services the sum of $1,130.50.

"4. That the sum of $100 claimed by plaintiff for expenses at funeral has been adjusted and paid.

### "Conclusions of law.

"1. That there is a balance due from said estate to said claimant of $2,329.50, together with interest from the 13th of October, 1925.

"2. That each of the parties shall pay their own costs."

The appellant assigns as error that the first, second, third, and fourth findings of fact are contrary to law and contrary to the evidence.

*F. E. Withrow* of La Crosse, for the appellant.

For the respondent there was a brief by *Gaveney & Barlow* of Arcadia, and oral argument by *J. A. Gaveney.*

CROWNHART, J.    A proposed bill of exceptions was served, but no bill of exceptions seems to have been settled. The respondent contends that because there were no exceptions to the findings of fact, this court may not review such findings.

This court held in *Will of Fortner,* 188 Wis. 594, 206 N. W. 969, that exceptions to the findings of fact were not

necessary since the passage of ch. 286, Laws of 1925. That was a case where there was a trial by the court without a jury. Counsel for the respondent, however, calls our attention to the fact that ch. 286, Laws of 1925, amended sec. 270.39, Stats., relating to trial by jury, and did not amend sec. 270.40, relating to trial by court, and that, therefore, in cases of trial by court, the exceptions are necessary to secure a review of the findings. The failure to amend sec. 270.40 the same as sec. 270.39 evidently was an oversight of the legislature, as the same reason applies to the one as to the other.

However that may be, this court is authorized by statute, wherever it shall appear from the record that it is probable that justice has for any reason miscarried, in its discretion to reverse the judgment or order appealed from, regardless of the question whether proper motions, objections, or exceptions appear in the record or not, and to order the proper judgment. Sec. 251.09, Stats. In the view that we take of this case, we regard the authority of that section sufficient.

The findings of fact of the trial court will not be disturbed unless they are against the clear preponderance of the evidence. The evidence in this case discloses controverted questions of fact and inferences to be drawn therefrom. It appears that claimant is a daughter of Bently Gabrick, deceased; that Bently Gabrick went to live with his daughter on November 15, 1921, under an agreement to pay her for his board at the rate of $5 a week. At that time the deceased was about seventy-nine years of age and very feeble in body and in mind. On the 3d of January, 1923, F. A. Literski was duly appointed by the county court as guardian of the deceased, and the guardian then made arrangements with the claimant for the further care and support of the deceased. This arrangement was more or less indefinite, but it is clear from the testimony of the guardian that he led the claimant to believe that he would pay for the care and support of the deceased what such services and board

would be reasonably worth. It appears that from time to time he made payments to the claimant, and it is the contention of the appellant that these payments were in full for such services and board, but the guardian testified:

"All the time I was leading them to believe that they were going to have more. . . . I knew I was not paying for that nursing in full in the payment of these amounts. . . . I think I stated that I knew she should receive $35 a week for the care and nursing of her father. At that time I led them to believe that they were entitled to $35 a week. . . . I knew I wouldn't want to take care of him on that $25 a month. I knew it was worth more money. . . . They never accepted any amount in full payment. I led them to believe that I would see that they were paid what it was reasonably worth if there was any money left after Gabrick was no more. . . . I intended from the beginning when I made the bargain that other than board, all special care due to sickness, that that would be paid, and that they would be paid for it, and so I told them. . . . If he was sick or needed special care and nursing in sickness that would be paid separately from the board. It has never been paid."

On October 11, 1923, the guardian wrote the claimant:

"Replying to your letter of recent date. Beg to say that I know this is not enough money for taking care of Mr. Gabrick. And that you should have $35 per week for nursing him. But if there is enough left over when Mr. Gabrick is here no more, I will try and make it all right with you. Hoping that this will be some satisfaction to you. Hoping to hear from you again."

It satisfactorily appears from this testimony that the guardian was trying to make the funds under his control care for the old gentleman until his death, but that he knew and understood that the payments he was making were not in full of the services rendered. Mr. Gabrick was very feeble. He had lost control of the excretory organs and much of the time required care day and night. It was extremely difficult for respondent to care for him in her home.

The court seems to have been fully justified in its findings from the evidence before it, with this exception: the court found that the services from November 15, 1921, to December 15, 1922, were reasonably worth $15 per week, and allowed for such services $840, and that the services from December 15, 1922, to the end of the month were worth $20 per week, and allowed such services accordingly, whereas it was stipulated on the trial that payment of $165 by the guardian for board up to December 31, 1922, was in *full payment* of the claim of the respondent up to that time. The allowance by the court of $840 up to December 15, 1922, and $20 a week for the balance of the month, would amount to about $880, whereas the allowance should have been $165, making an error of $715 in favor of the claimant. This palpable error should be corrected and the claim adjusted by deducting $715 from the amount of the judgment. If this error had been called to the attention of the trial court, undoubtedly it would have been corrected.

*By the Court.*—The judgment is reversed, with directions to the county court to enter judgment according to this decision, no costs to be allowed either party, appellant to pay the clerk's fees.